

3 Executive Campus
Suite 350
Cherry Hill, NJ 08002-4127

Tel: 856.406.1265

**www.fmglaw.com**

**JOHN D. SHEA**
**Partner**

D: 856.406.1265
C: 215.264.4754

jshea@fmglaw.com

_**Via E-Filing**_

The Honorable Robert Kirsch, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

>           **Re:**    **Pegasus Defense Solutions, et al., v. David Pollman, et al.,**
>                   **Docket No.: 3:25-cv-17121**

Dear Judge Kirsch:

This firm represents defendant David Pollman in connection with the above-referenced matter.  I am writing pursuant to Your Honor's Rules and Procedures to request a pre-motion conference seeking permission to file a Motion to Dismiss Plaintiff's Complaint based on a lack of personal jurisdiction.

Plaintiff's Complaint asserts at paragraph 4 that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 (a).  Plaintiff further asserts in paragraph 4 that defendant Pollman is a resident of the State of Alabama.  Plaintiff asserts at paragraph 6 of the Complaint that the Court has personal jurisdiction over the defendants based on certain conduct that is alleged to have occurred in New Jersey.

Plaintiff's Complaint includes an allegation regarding defendant Pollman at paragraph 12 stating:

> 12. Defendant David Pollman is domiciled in or around Huntsville, Alabama.   During  the  relevant  time  he  held  leadership responsibilities related to Counter-UAS Operations at NTS and was a principal counterpart in discussions with Pegasus.

Plaintiff's Complaint includes only two other allegations regarding defendant Pollman at paragraph 33 and 34 stating:



The Honorable Robert Kirsch, U.S.D.J.
December 23, 2025
Page 2

> 33. Between 2024 and 2025, in two in-person trips to NTS' offices in Huntsville, Alabama, NTS, through Pollman, agreed to engage Pegasus for counter-UAS operations work.
>
> 34. The meetings included Pollman, Nussbaum, Mangan and NTS's owner.

Based on only these three allegations, Plaintiff proceeds to assert claims against defendant David Pollman individually at Count I for Tortious Interference with Prospective Economic Advantage, Count II for Breach of Fiduciary Duty/Duty of Loyalty, Count IV Fraudulent or Negligent Misrepresentation, Count V for Civil Conspiracy, Count VI Unjust Enrichment, and Count VII for Aiding and Abetting.

Prior to asserting defenses to these allegations or challenging the legal viability of the claims asserted against him, and reserving all rights to do so, defendant David Pollman seeks permission to file a Motion to Dismiss for lack of personal jurisdiction.

As alleged, defendant Pollman is a resident of the State of Alabama. At no time during the relevant time period did he travel to or engage in activity in the State of New Jersey that would subject him to personal jurisdiction in New Jersey. Indeed, the limited allegations in the Complaint as to defendant Pollman confirm that he attended a meeting which took place in Huntsville, Alabama. There are no allegations in the Complaint as to defendant David Pollman that he engaged in any activity in New Jersey which would confer jurisdiction over him by a Court in New Jersey.

Defendant Pollman believes that addressing the jurisdictional issue at this stage will serve the interests of judicial economy and fairness to all parties involved. He is prepared to provide detailed briefing on the matter should the court grant leave to file the motion to dismiss.

In addition, Plaintiff filed a Motion for Entry of Default against defendant David Pollman on December 11, 2025, asserting that his response to the Complaint was twelve (12) days overdue. The Court has set a return date of January 5, 2026 for the Motion.

Defendant Pollman also submits this request in Opposition to the Motion for Default and asserts that good cause exists to deny the Motion for Default. Defendant Pollman has retained counsel, has appeared in the litigation in a reasonable period of time in connection with the alleged service of the Summons and Complaint, and has outlined in this letter that there are viable defenses, including a lack of personal jurisdiction, to the limited allegations asserted against him. Based on the foregoing, defendant Pollman requests the Motion for Default be denied and that he be



The Honorable Robert Kirsch, U.S.D.J.
December 23, 2025
Page 3

permitted to file a Motion to Dismiss for Lack of Personal Jurisdiction in response to the Complaint.

Thank you for Your Honor's consideration of this request, and the undersigned will confer with Plaintiff's counsel and report back to the Court consistent with Your Honnor's Rules and Procedures under which this letter is submitted.

Respectfully Submitted,

*/s/ John D. Shea*

John D. Shea

JDS/sek

cc:    All Counsel on Record (via e-filing only)